STATE OF FLORIDA, ex rel. THOMAS N. CURINGTON, JR., v. O. P. SWOPE, as Chairman of the Florida Real Estate Commission, and O. P. SWOPE, H. BRYANT MERRITT, and JOHN R. WRIGHT, as and constituting the Florida Real Estate Commission.

34 So. (2nd) 429                                              January Term, 1948
March 12, 1948                                                     Division A

*Hoffman & Durant,* for relator.

*W. H. Poe,* for respondents.

SEBRING, J.:

This matter is before us on a motion to quash an alternative writ of mandamus issued by this court. The sole question raised by the writ and motion is whether a person who has not yet reached the age of twenty-one years, but who has obtained a decree removing his disabilities of non-age, under the laws of this State, is entitled to file an application, under section 475.17, Florida Statutes, 1941, and be examined as to his qualifications to become a real estate salesman.

In the case of State ex rel. Lamson v. Baker, Circuit Judge, 25 Fla. 598, 6 So. 445, it was held that a minor who had his disibilities of non-age removed by decree of court was entitled to be examined for a license to practice law, under a practice act which required as one of the conditions of admission to practice that such applicant should be at least twenty-one years of age. We can see no difference in principal between that situation and the one confronting us in the proceeding at bar.

The motion to quash is therefore denied and the respondent is hereby required to file its answer or return to the alternative writ within ten days from the adoption and entry of this opinion and judgment; and in default thereof it is ordered that a peremptory writ be issued in accordance with the prayer of the alternative writ.

It is so ordered.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.